IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| Lashauna Gordon, Hydia Griffin and Quintashia Hardyway, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Axiom Healthcare Services, LLC, and Reed's Cove Health and Rehabilitation, LLC,<br><br>Defendant. | COMPLAINT<br><br>NO. 6:22-cv-01078<br><br>JURY TRIAL DEMANDED<br><br>DESIGNATED PLACE OF TRIAL: WICHITA, KANSAS |

**COMPLAINT**
**COLLECTIVE ACTION CLAIMS**

**COME NOW** the Plaintiffs, Lashauna Gordon, Hydia Griffin and Quintashia Hardyway, on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth their representative action for violations of the Fair Labor Standards Act as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, Lashauna Gordon, Hydia Griffin and Quintashia Hardyway, and all other similarly situated employees (collectively "Named Plaintiffs") bring this action against Defendants Axiom Healthcare Services, LLC ("Axiom"), and Reed's Cove Health and Rehabilitation, LLC ("Reed's Cove") (collectively "defendants") for unpaid overtime compensation and related penalties and damages, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendant practice and policy has been, and continues to be, to willfully fail and refuse to properly

1

pay straight time and overtime compensation due and owing to Plaintiffs and all other similarly situated employees. Doing so is in direct violation of the FLSA.

2. Defendants' practices are in direct violation of the FLSA, and Plaintiffs seek full payment of all overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by law; and attorney fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Quintashia Hardyway is a citizen of the state of Kansas. She was employed as a Certified Nurse Assistant ("CNA"). Defendant's place of business located in Wichita, Sedgwick County, Kansas, in 2012, and 2013. Hardyway's consent-to-join is filed as Exhibit "C."

4. Plaintiff Lashauna Gordon is a citizen of the state of Kansas. She was employed as a Certified Medication Aide ("CMA") at Reed Cove's place of business located in Wichita, Sedgwick County, Kansas. Gordon's consent-to-join is filed as Exhibit "A.

5. Plaintiff Hydia Griffin is a citizen of the state of Kansas. She was employed as a CMA at Reed Cove's place of business located in Wichita, Sedgwick County, Kansas. Griffin's consent-to-join is filed as Exhibit "B.

6. Defendant Axiom is a Kansas limited liability company. Defendant Axiom may be served with process by serving it at 10300 W Maple Street, Wichita, KS 67209.

7. Defendant Reed's Cove is a Kansas limited liability company. Defendant Reed's Cove may be served with process by serving it Fred Hermes at 7200 W 13th Ste. 5, Wichita, KS 67212.

## RELATIONSHIP OF THE PARTIES

8. Defendant Axiom and Reed's Cove are related businesses. Their respective origins are related. Axiom's website discusses how the same people who founded Reed's Cove later founded Axiom: https://axmservices.com/beginnings.

9. Axiom and Reed's Cove share certain common management. Chance Becnel is Axiom's President and Chief Operating Officer and also serves on Reeds Cove's governing board.

10. Defendant Reed's Cove is a skilled nursing and rehabilitation facility. Axiom was founded to provide various support services to entities like Reed's Cove. The Axiom website describes the founding of Axiom this way: "During the above timeline, the three original pioneers [who founded Reed's Cove as other like facilities] also realized that building innovative, world class physical plant designs was not going to be enough. There also needed to be a company that would help manage and serve the communities so that the care and services matched the breath-taking structures that these customers lived, and employees worked in. Thus, Axiom Healthcare Management, LLC was created to fill this need." https://axmservices.com/beginnings.

11. Chance Becnel has described Axiom as an administrative and support company for Reeds Cove. Axiom and Reeds Cove entered into an Administrative Services Agreement in January 2013. Under that Agreement, Axiom generally was to "provide [Reeds Cove] with all administrative and consulting services necessary or appropriate for [Reeds Cove] to be able to run an effective and efficient operation." Specifically, the Agreement states that Axiom must provide human resources services to Reeds Cove.

12. Because of the interrelationship between Axiom and Reed's Cove, they are joint employers of plaintiffs and putative class members for purposes of the FLSA.

13. The Putative FLSA Plaintiffs/Class Members are those employees, and former employees, of Defendants who were paid on an hourly basis (e.g. CMAs and CNAs) and who work extra shifts

for a bonus that was not factored into their regular rate and who consequently were suffered or permitted to work by Defendants while not being paid one-half times their regular rate of pay for all hours worked per week in excess of forty (40).

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction over the claims in this case.

15. This Court has personal jurisdiction over Defendants because Defendants conduct business in Sedgwick County, Kansas, which is located within this Judicial District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conducts business, and can be found in this Judicial District, and the FLSA claims occurred in substantial part here.

## COUNT I: FLSA CLAIM

17. Plaintiffs were employed by the Defendant as CMAs and CNAs.

18. During Plaintiffs' employment with the Defendants, the Defendants employed other individuals who were paid on an hourly basis.  Said other employees performed work at Defendants' places of business located in Kansas.

19. Defendants expect Plaintiffs, and similarly situated hourly employees, to sometimes work in excess of 40 hours per workweek.

20. Plaintiffs and similarly situated employees, routinely work more than 40 hours per workweek without being fully paid overtime premiums in the amount of one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

21. During the Covid Pandemic it became difficult for skilled nursing facilities to remain fully staffed. Defendants developed a bonus plan whereby hourly employees, like CMAs and CNAs, who worked longer, or additional shifts would be paid a bonus ranging from $50 to $200 per occurrence, on top of what they would otherwise earn.

22. Plaintiffs and the putative class members are not exempt from the FLSA's overtime provisions. Defendants' practice was to pay plaintiffs an overtime premium for hours worked beyond 40 in a workweek. But in doing so, defendants illegally failed to include the $50 to $200 bonus in calculating the regular rate when calculating time-and-a-half for overtime purposes. Consequently, plaintiffs were not fully paid for the overtime compensation earned by plaintiffs.

23. Defendants may be of the view that these bonus payments need not be included in the regular rate calculation because of 29 U.S.C. § 207(e)(5), which defines a "premium rate" that employers may pay without affecting the regular rate. A "premium rate" is "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) or in excess of the employee's normal working hours or regular working hours, as the case may be." § 207(e)(5).

24. The U.S. Department of Labor has issued a regulation interpreting § 207(e)(5). It states, in part, "where extra compensation is paid in the form of a lump sum for work performed in overtime hours, it must be included in the regular rate and may not be credited against statutory overtime compensation due." 29 C.F.R. § 778.310. Because the bonuses paid by defendants were a flat rate for working an extra shift they do not qualify as a premium "rate" under § 207(e)(5).

25. Plaintiffs bring this case as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were those employees, and former employees, of

Defendants who were paid on an hourly basis, like CMAs and CNAs, who worked extra shifts for a bonus that was not factored into their regular rate and who consequently were not fully paid all overtime premiums due at one and one-half times their regular rate of pay for all hours worked per week in excess of forty (40).

26. This lawsuit may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Named Plaintiffs because the claims of Lashauna Gordon, Hydia Griffin and Quintashia Hardyway are similar to the claims of the putative plaintiffs of the representative action.

27. Plaintiffs and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements, duties and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay all overtime compensation due in violation of the FLSA.

28. The names and addresses of the putative members of the representative action are available from the Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

29. At all relevant times, the Named Plaintiffs, and all others similarly situated, were engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

30. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

32. At all times relevant herein, Defendants have had an annual gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

33. The FLSA requires each non-exempt covered employee, such as the Named Plaintiff and all others similarly situated, to be compensated at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

34. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

35. The Named Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

36. The Defendants failed to compensate the Named Plaintiffs and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate the FLSA, including 29 U.S.C. § 207(a)(1).

37. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Lashauna Gordon, Hydia Griffin and Quintashia Hardyway, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all respective unpaid straight time and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

39. Lashauna Gordon, Hydia Griffin and Quintashia Hardyway, on behalf of themselves and all similarly situated employees of Defendants (namely hourly employees who worked extra shifts), seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II: KANSAS WAGE PAYMENT ACT

40. During December each plaintiff worked extra shifts with the promise that they would receive a bonus for doing so. After working the extra shift, plaintiffs were not paid the bonus.

41. Defendants' failure to pay wages is a violation of the Kansas Wage Payment Act. Plaintiffs are entitled to recover unpaid wages and penalties.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, prays for relief as follows:

   a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

   b. Designation of Plaintiffs Lashauna Gordon, Hydia Griffin and Quintashia Hardyway as Representative Plaintiffs of the putative members of the FLSA representative action;

   c. An award of damages for overtime compensation due for the Named Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

    d. Unpaid wages and penalties under the Kansas Wage Payment Act;

    e. Costs and expenses of this action incurred herein, in addition to reasonable attorney fees and expert fees;

    f. Pre-Judgment and Post-Judgment interest, as provided by law; and

    g. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

Plaintiffs by and through their counsel of record and hereby designate the place of trial as follows: Wichita, Kansas.

DATE: March 25, 2022

RESPECTFULLY SUBMITTED BY:

Graybill & Hazlewood, LLC

/s/ Donald N. Peterson
Donald N. Peterson, II
Sean M. McGivern
218 N Mosley St
Wichita, KS 67202
Phone: 316-266-4058
Fax: 316-462-5566
don@graybillhazlewood.com
sean@graybillhazlewood.com
***Attorneys for Plaintiffs***