## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LASHAUNA GORDON, on behalf of themselves and all others similarly situated, et al.,**

      **Plaintiffs,**

      **v.**

**AXIOM HEALTHCARE SERVICES, LLC, et al.,**

      **Defendants.**

**Case No. 6:22-cv-01078-HLT-RES**

## STIPULATED ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF CLASS CLAIMS UNDER § 216(b) OF THE FLSA

Plaintiffs move for conditional certification of class claims under § 216(b) of the FLSA. Doc. 8. Plaintiffs Lashauna Gordon, Hydia Griffin, and Quintashia Hardyway, and Defendants Axiom Healthcare Services, LLC, and Reed's Cove Health and Rehabilitation, LLC, through respective counsel, have stipulated to an order sustaining Plaintiffs' motion as set forth below. The parties also submitted a proposed notice and consent-to-join form. After review of the law and record, the Court grants Plaintiffs' motion as set forth below and enters the following rulings and orders:

(1)    A collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., is hereby conditionally certified as to: "all hourly employees who worked for Reed's Cove and received a bonus for working extra hours or shifts in a week in which the employee worked overtime, at any time between June 2, 2019, through the present."

(2)    Plaintiffs Lashauna Gordon, Hydia Griffin, and Quintashia Hardyway are designated representatives of the conditionally certified collective.

(3)     Don Peterson and Sean McGivern, Plaintiffs' counsel, are designated as counsel for the conditionally certified collective.

(4)     Within fourteen days of the entry of this Order, Defendant shall provide to Plaintiffs the following: a list in electronic and importable format (such as Microsoft Excel), with the first and last names, last-known addresses, last-known telephone and cell phone numbers (if known), email address (if known), the last four digits of social security number, and the date of birth of all members of the conditionally certified collective.

(5)     Within twenty-one days of the entry of this Order, Plaintiffs shall attempt to communicate with each member of the conditionally certified collective by (1) mailing a copy of the attached notice and consent-to-join form; (2) emailing a copy of the attached notice and consent-to-join form; and texting the following:   "Greetings, attached is important information about your rights with respect to a lawsuit against Reed's Cove for alleged wage & hour violations. See the Court-ordered notice here [hyperlink]." Plaintiffs shall add in the applicable response date in the three blanks on pages 1 and 5. The attached notice and consent-to-join form are substantively the same as the proposed notice submitted by the parties. But the Court made formatting revisions, corrected typographical errors, corrected the name of the presiding judge, and added the applicable date for the class period tied to the filing of this order. With respect to any member of the conditionally certified collective who has not responded within 10 days, Plaintiffs may, in their discretion, repeat all or some of the above means of communication no more than one time for each member of the conditionally certified collective. Plaintiffs shall file a notice with the Court that identifies the date the notices were mailed, emailed and texted.

(6)     The opt-in period for members of the conditionally certified collective to join this action shall terminate at the close of business on the sixtieth day following the date the notices were mailed.

(7)     The certification granted in this order is conditional, and Defendants are free to challenge whether the members of the collective are similarly situated after the close of discovery.

IT IS SO ORDERED.

Dated: June 2, 2022                 /s/ *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE